UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IRFAN KHAN
    Plaintiff,

vs.

Case No. 13-24366-ALTONAGA

UNITED STATES OF AMERICA,
    Defendant.

_____/

## ORDER FOR LIMITED DISCLOSURE OF RECORDS

THIS CAUSE came before the Court upon the Stipulation to Entry of an Order for Limited Disclosure of Records. The Court having reviewed the Stipulation and proposed Order, and being otherwise fully advised, it is hereby Ordered and Adjudged, as follows:

1.    The United States has begun the production of records and other materials responsive discovery requests made by Plaintiff in this action.

2.    Some of the records to be disclosed contain personally identifying information about third parties, including witnesses and Plaintiff's co-defendants in the underlying criminal action, *U.S. v. Khan*, et al., Case No. 11-20331-CR-SCOLA. Specifically: Social Security and date of birth information, home addresses, and financial information. The release of this information to any individual other than legal counsel for the Plaintiff may cause harm to the subjects of the information.

3.    While the Defendant intends to comply with its obligations in discovery, disclosure of the aforementioned documents (hereinafter, "Pertinent Material") are subject to Title 5, United States Code, Section 552 (the Privacy Act).

4.    Title 5, United States Code, Section 552a(b) provides as follows:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except

pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be–

. . . .

(11) pursuant to the order of a court of competent jurisdiction;

5. Moreover, the Eleventh Circuit has recognized that requests for court orders under §552a(b)(11) should be evaluated by balancing the need for the disclosure against the potential harm to the subject of the disclosure.

> Under 5 U.S.C.A. §552a(b), government agencies can release information about individuals only under certain circumstances. Release is allowed when a court of competent jurisdiction so orders. 5 U.S.C.A. §552a(b)(11)(West 1977). Requests for court orders under §552a(b)(11) should be evaluated by balancing the need for the disclosure against the potential harm to the subject of the disclosure. *Stiles v. Atlanta Gas Light Co.*, 453 F.Supp. 798 (N.D. Ga. 1978); *Christy v. United States*, 68 F.R.D. 375 (N.D.Tex. 1975).

*Perry v. State Farm Fire & Casualty Company*, 734 F.2d 1441, 1447 (11th Cir. 1984).

6. The Pertinent Material shall be used reasonably and in good faith solely by parties in their preparation of this case and that such material shall not be disseminated for any other purposes without further Order of the Court.

Any non-electronic copies of documents shall be destroyed at the end of the litigation of this matter. The Court's order of disclosure of the Pertinent Material is applicable solely to Privacy Act issues, and does not prejudice the rights of the parties to raise objections to the discovery of, or admissibility of, any document, or to assert any applicable privilege.

JOHN O. SULLIVAN
UNITED STATES DISTRICT JUDGE  9/23/14