UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-24366-CIV-ALTONAGA/O'SULLIVAN

IRFAN KAHN,

        Plaintiff,

vs.

UNITED STATES OF AMERICA,

        Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the plaintiff's discovery request seeking to obtain the FBI investigative file regarding the plaintiff over the Government's claim of law enforcement privilege. This matter was referred to the undersigned by the Honorable Cecilia M. Altonaga, United States District Court Judge for the Southern District of Florida. (DE# 75,7/8/14) Having reviewed the Government's Third Amended Supplemental Privilege Log, the parties' respective memoranda regarding the law enforcement privilege, the January 28, 2015 Declaration of Michael B. Steinbach, the Assistant Director of the Counterterrorism Division of the Federal Bureau of Investigation ("FBI"), United States Department of Justice ("DOJ"), and having conducted an *in camera* review of the submission of *ex parte* unredacted versions of the documents for relevance and privilege as well as an additional *ex parte* declaration providing further explanation about the privileged information (DE# 176, 5/5/15), it is

ORDERED AND ADJUDGED that for those documents deemed relevant, the Government has established that the law enforcement privilege applies, but the qualified privilege gives way to the plaintiff's need for partial disclosure (i.e. factual

information) of some of the documents as more fully discussed below.

Rule 26 mandates that discovery requests be "relevant to a[ ] party's claim." Fed. R. Civ. P. 26(b)(1). The Court should first consider whether the discovery request is relevant to the plaintiff's claim before considering any claims of privilege. See, Freeman v. Seligson, 405 F.2d 1326, 1338 (D.C. Cir. 1968) (finding that "matters of privilege can appropriately be deferred for definitive ruling until after the production demand has been adequately bolstered by a general showing of relevance and good cause.")

The Government maintains that the information sought by the plaintiff in discovery is relevant only insofar as it supports the allegation that the Court found sufficient to state a claim, that is, that the Government made "a misstatement of evidence" during its presentation to the grand jury. See Defendant's Memorandum in Response to the Court's November 25 Order Regarding the Review of Classified Information (DE 131) at 11 (DE# 134, 1/7/15)(quoting Order at 7 (DE# 73, 7/7/14) (citing Complaint ¶ 14)).

In the July 7, 2014 Order in this action, this Court ruled that "[a]lthough the Amended Complaint does not identify the USAO or prosecutors as defendants, to the extent the claims are based on the conduct of prosecutors, they are barred by the FTCA, specifically 28 U.S.C. section 2680(h)." Order at 5 (DE# 73, 7/7/14) (citing Trupei, 304 F. App'x at 783-84 (citations omitted)). This Court explained that because this is an FTCA action, "only allegations involving 'acts or omissions of investigative or law enforcement officers' – that is, 'any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of

Federal law' – can be pursued by Khan." Id. (citing 28 U.S.C. § 2680(h)).  To the extent that the investigative files of the FBI contain information that is relevant to the intent of the FBI, such information is relevant but subject to analysis under the asserted privileges to determine whether it is discoverable.

The law enforcement privilege is designed "to prevent disclosure of law enforcement techniques and procedures, to preserve confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." In re Dep't of Investigation of City of New York, 856 F.2d 481, 484 (2d Cir. 1988) (citing Aspin v. Dep't of Defense, 491 F.2d 24, 29-30 (D.C. Cir. 1973), and Frankel v. Sec. and Exchange Comm'n, 460 F.2d 813, 817 (2d Cir. 1972)).  The Eleventh Circuit recognized the law enforcement privilege in United States v. Van Horn, 789 F.2d 1492, 1507 (11th Cir. 1986) ("hold[ing] that the privilege applies equally to the nature and location of electronic surveillance equipment).   The Eleventh Circuit explained that "[t]he privilege will give way if the [party] can show need for the information."  Id.  In Van Horn, the Eleventh Circuit agreed that the party seeking disclosure failed to show need.

The law enforcement privilege applies where the defendant demonstrates that disclosure of information, such as law enforcement "techniques and protocols," would "jeopardize future criminal investigations."  Commonwealth of Puerto Rico v. United States, 490 F.3d 50, 64 (1st Cir. 2007); United States v. Winner, 641 F.2d 825, 831 (10th Cir. 1981) ("[The] law enforcement investigative privilege is based primarily on the harm to law enforcement efforts which might arise from public disclosure of investigatory files.") (internal quotation marks and ellipse omitted); cf. In re United States Dep't of

Homeland Security, 459 F.3d 565, 569 (5th Cir. 2006) (recognizing the law enforcement privilege in the Fifth Circuit and explaining that "in today's times the compelled production of government documents could impact highly sensitive matters relating to national security").  "The party asserting the [law enforcement] privilege must demonstrate that the documents contain information that the law enforcement privilege is intended to protect."  Thayer v. Chiczewski, 2009 WL 2192581, at *3 (N.D. Ill. 2009).[1]

In determining whether the law enforcement privilege protects against disclosure, courts weigh the following ten factors identified in Frankenhauser v. Rizzo, 59 F.R.D. 339, 344 (E.D. Pa. 1973) (unpublished):

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any actual criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case.

In re United States Dep't of Homeland Security, 459 F.3d 565, 571 (5th Cir. 2006)(citing Tuite v. Henry, 98 F.3d 1411, 1417 (D.C. Cir. 1996)(utilizing the Frankenhauser factors)).  In In re United States Dep't of Homeland Security, the Fifth Circuit held that

---

[1] In Thayer, the district court held that the law enforcement privilege did not apply because it was not formally asserted by an official after personal review and thus, ordered disclosure.

4

the district court erred when it determined that no law enforcement privilege existed in the Fifth Circuit.  459 F.3d at 571.  On remand, the Fifth Circuit directed the district court to "be mindful of the need to balance Respondents' right to seek discovery in the legitimate pursuits of its claims with the Petitioner's privilege to prevent disclosure of information that might impede important government functions such as conducting criminal investigations, securing the borders, or protecting the public from international threats."  Id. (dicta).  In determining whether the law enforcement privilege applies to the documents that were submitted *ex parte* for *in camera* review, the undersigned will balance "the government's interest in confidentiality against the litigant's need for the documents."  Id. at 570 (citing Coughlin v. Lee, 946 F.2d ,1152, 1160 (5th Cir. 1991)).

"The claim for application of the privilege is 'somewhat stronger' when law enforcement is seeking to protect ongoing investigations as contrasted with closed files, decisions to prosecute as contrasted with decisions not to prosecute, confidential informant identities as contrasted with names of incidental witnesses, confidential law enforcement tactics as contrasted with simple interview materials, and evaluative opinions as contrasted with facts."  Vodak v. City of Chicago, No. 03 C 2463, 2004 WL 2032147, * 4 (N.D. Ill. Sept. 9, 2004).

The first two factors weigh in favor of disclosure because the information was gathered largely by law enforcement personnel rather than private citizens.  To the extent that documents contain information from private citizens, confidential informants or FBI personnel, the identity of these individuals should remain confidential and be redacted from the investigative files.  The third factor weighs in favor of disclosure because the evaluative material present in the FBI investigative file is relevant in a

5

malicious prosecution case where the law enforcement agency's state of mind is an element of the claim. Additionally, the file is relevant to the Government's defenses because the Government maintains that it had probable cause to charge the plaintiff and it prosecuted the plaintiff in good faith. The fourth factor, whether the information sought is factual data or evaluative summary, is more difficult to determine. While factual data weighs in favor of disclosure, evaluative summaries generally weigh against disclosure. Because intent is an element of the plaintiff's malicious prosecution claim, the Government's evaluative summaries favor disclosure. See Starkey v. Birritteri, No. 12-CIV-10988-RWZ, 2013 WL 3984599, * 2 (D. Mass. Aug. 2, 2013) (explaining that the law enforcement privilege did not apply to Birritteri's police reports and similar information because the plaintiff's malicious prosecution case depended on the police officer's conduct). The fifth factor favors disclosure because the plaintiff is not an actual or potential defendant in any actual criminal proceeding that is pending or is reasonably likely to follow the incident in question. The sixth factor weighs in favor of the Government notwithstanding that the criminal investigation of the plaintiff concluded when his charges were dismissed, because the appeal of the conviction of the plaintiff's father, who was his co-defendant, remains pending. The seventh factor weighs in favor of the Government because there is no indication that any disciplinary proceedings will arise as a result of the investigation of the plaintiff. The Government has not argued that the plaintiff's malicious prosecution claim is frivolous or was not brought in good faith. Additionally, this Court has ruled previously that the plaintiff has rebutted the presumption of probable cause in its Order on the Government's motion to dismiss. The eighth factor weighs in favor of disclosure. The ninth and tenth factors also favor

disclosure because the information sought is not available through other discovery or from other sources and the information sought is important to the plaintiff's case.

The undersigned has carefully considered the parties respective memoranda and the Government's *ex parte* submissions as well as has conducted an *in camera* review of the documents that the Government seeks to withhold on the grounds that they are protected by the law enforcement privilege. Accordingly, the undersigned finds that the Government has met the threshold of establishing that the law enforcement privilege applies to the documents that it submitted *ex parte* for *in camera* review; however, the privilege gives way to the plaintiff's need for disclosure of factual information in certain instances as indicated below.[2]   It is

ORDERED AND ADJUDGED that the redacted portions of the following documents are not relevant to the plaintiff's malicious prosecution claim or the Government's defenses and need not be produced without redactions: A5, A7, A11, A53 and A55. The law enforcement privilege protects the redacted information in the following documents: A1, A4, A12, A13, A14, A15, A16, A18, A19, A30, A31, A32, A33, A34, A35, A36, A46, A48, A51, A56, and A58. Although the Government has met its burden of establishing that the law enforcement privilege applies, the plaintiff's need for

---

[2]The undersigned is unable to determine whether the privilege applies to the following documents because they were not part of the Government's *ex parte* submission: A6, A9, A17, A20, A21, A22, A23, A25, A29, A40, A43 (Bates # 1740-1741), A45, A47, A49 (Bates # 1784-1791), and A50 (Bates # 1792-1795). These documents shall be produced to the Court *ex parte* by **Monday, June 22, 2015**. The Government's Third Amended Supplemental Privilege Log does not identify or assert any privilege for A31 through A39, however, the *ex parte* declaration asserts the law enforcement privilege for A31 through A36, which were included in the *ex parte* submission and reviewed by the Court. The Government's *ex parte* submission and privilege log did not include any documents for A37, A38 or A39.

the information to pursue its malicious prosecution claim warrants disclosure of the factual content of the following documents[3] without disclosing other redacted information regarding identities of confidential informants or FBI personnel, or law enforcement procedures and protocols that are privileged: A2 (Bates # 1674), A3 (Bates # 1950), A8 (Bates # 1736), A10 (Bates # 1554-1559), A24 (Bates # 1950), A26 (Bates # 1969-1973), A27 (Bates # 1975-1979), A28 (last two lines of redacted text on Bates # 1981 and redacted factual information on Bates # 1982), A41 (Bates # 1994), A42, A44, A52 (Bates # 1801), A54 (Bates # 1808), A57 (Bates # 1831) and A59.  It is further

ORDERED AND ADJUDGED that the Government has no further obligations with respect to A60. The undersigned will address A60 in a separate classified order.  It is further

ORDERED AND ADJUDGED that the Government shall produce the partially un-redacted copies of the documents identified above within two (2) weeks of the date of this Order or assert national security or deliberative process.[4]  As in Thayer, the

---

[3] The Government must disclose only the facts gathered but is not required to disclose the source of the facts, why the facts were obtained, how the facts were obtained or whether the facts were shared with any other persons or entities.

[4] Without ruling on the deliberative process privilege, the undersigned notes that the deliberative process privilege is similar to the law enforcement privilege and will likely produce similar findings regarding disclosure. "The deliberative process privilege 'covers documents reflecting advisory opinions, recommendations, and deliberations that are part of a process by which Government decisions and policies are formulated.'" Burbar v. Incorporated Village of Garden City, 303 F.R.D. 9, 13 (E.D.N.Y. 2014)(quoting Dep't of the Interior and Bureau of Indian Affairs v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8 (2001)).  "The privilege is designed to protect the 'decision making processes of the executive branch in order to safeguard the quality and integrity of governmental decisions.'" Id. (quoting A. Michael's Piano, Inc. v. FTC, 18 F.3d 138, 147

undersigned directs that the identities of FBI personnel and confidential informants as well as investigative techniques, procedures and protocols should remain redacted. The subject documents shall be disclosed only to the plaintiff's counsel in this case and the disclosed documents shall be disclosed solely for use in this case and shall not be used in other matters.  It is further

ORDERED AND ADJUDGED that by **Monday, June 22, 2015**, the Government shall produce *ex parte* to the Court the following documents, which were not contained in the Government's previous *ex parte* submissions: A6, A9, A17, A20, A21, A22, A23, A25, A29, A37, A38, A39, A40, A43 (Bates # 1740-1741), A45, A47, A49 (Bates # 1784-1791), and A50 (Bates # 1792-1795).

DONE AND ORDERED, in Chambers, at Miami, Florida, this __10th__ day of June, 2015.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. District Court Judge Altonaga
All counsel of record

---

(2d Cir. 1994)(quoting Hopkins v. HUD, 929 F.2d 81, 84 (2d Cir. 1991)).  Generally, the privilege does not apply to purely factual matter.  Id. (citing Hopkins, 929 F.2d at 84-85).  "The [deliberative process] privilege ... may be inapplicable where the deliberations are among the central issues in the case."  Id. (citing Conte v. County of Nassau, No. 06-4746, 2009 WL 1362784, at *5 (E.D.N.Y. May 15, 2009) (other citations omitted).  In Burbar, the court found that "[b]ecause the intent and decision making process of the County Defendants are unquestionably at the heart of [the malicious prosecution and abuse of process claims], the deliberative process privilege [was] inapplicable to [certain] documents ..., which the Court [found], after an *in camera* review, reflect on that process."  Id. at 14.