UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-24366-CIV-ALTONAGA/O'SULLIVAN

IRFAN KAHN,

        Plaintiff,

vs.

UNITED STATES OF AMERICA,

        Defendant.

_____/

## ORDER

THIS MATTER is before the Court on the plaintiff's discovery requests for material in the possession of the U.S. Attorney's Office for the Southern District of Florida and the Counterterrorism Section of the Department of Justice over the Government's claim of certain privileges, including the attorney work product doctrine, the law enforcement privilege,[1] and the deliberative process privilege. This matter was referred to the undersigned by the Honorable Cecilia M. Altonaga, United States District Court Judge for the Southern District of Florida. (DE# 75, 7/8/14). The undersigned has considered the following filings:

    1.    Defendant's Memorandum of Law Regarding the Application of the Attorney Work Product Doctrine, the Law Enforcement Privilege, and the Deliberative Process Privilege in this Case (DE# 133, 1/7/15);

    2.    Defendants' [sic] Memorandum in Response to the Court's November 25, 2014 Order Regarding the Review of Classified Information (DE 131)

---

[1] The undersigned addressed the law enforcement privilege in a separate Order. See Order (DE# 184, 6/10/15).

    (DE#134, 1/7/15);

3. Plaintiff's Memorandum Regarding the Application of the Attorney Work Product Doctrine, the Law Enforcement Privilege, and the Deliberative Process Privilege (DE# 149, 3/17/15)(re-docketed by Clerk of Court as DE# 151, 3/17/15);

4. Defendant's Brief Regarding Cases Cited by Plaintiff Regarding Application of Work Product Doctrine (DE# 163, 4/3/15);

5. Plaintiff, Irfan Khan's Memorandum Regarding Defendant's Case Law in Support of the Work Product Privilege (DE# 166, 4/6/15); and

6. Plaintiff, Irfan Khan's Memorandum Regarding Defendant's Case Law in Support of the Work Product Privilege (DE# 167, 4/6/15).

Having reviewed the parties' respective memoranda regarding the work product privilege and the Government's Second Amended Privilege Log, and having conducted an *in camera* review of the submission of the sealed documents for relevance and privilege, it is

ORDERED AND ADJUDGED that for those documents deemed relevant, the Government has established that the opinion work product doctrine applies and protects the prosecutors' memoranda from disclosure.

## BACKGROUND

In this civil action, the plaintiff sued the United States under the Federal Tort Claims Act ("FTCA") for false arrest and malicious prosecution in connection with the Government's indictment of him for conspiracy to provide material support to a terrorist

group. On June 13, 2012, the Government dropped all charges against the plaintiff in the criminal action. In the present action, the Court dismissed the plaintiff's claim for false arrest for failure to state a claim, but denied the Government's motion to dismiss the plaintiff's malicious prosecution claim. Order (DE# 73, 7/7/14). The malicious prosecution claim is based on allegations that the Government procured the grand jury indictment with "misrepresentations" about the evidence it possessed. Amended Complaint ¶ 13 (DE# 39, 5/7/15).

Although the Court recognized that the plaintiff's indictment by a grand jury is *prima facie* evidence of probable cause barring a malicious prosecution claim, it found that the plaintiff had adequately alleged that the Government procured the plaintiff's indictment in the underlying criminal case by improper means, thus rebutting the presumption of probable cause. Order (DE# 73, 7/7/14). The Court ruled that the plaintiff's allegation that the Government had misrepresented to the grand jury a call between the plaintiff and his father about a list of nursing schools was sufficient, if proven, to rebut the *prima facie* effect of the grand jury's finding of probable cause for the plaintiff's indictment. Id. (citing Amended Complaint, ¶ 14 (DE# 39, 5/7/14)). In ruling on the motion to dismiss the Amended Complaint, the Court determined that the plaintiff "sufficiently alleges facts about the Government's use of this information and its knowledge of the statement's meaning to create 'more than a sheer possibility that a defendant has acted unlawfully.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted)).

This Court previously determined that in an FTCA action such as this, "only

allegations involving 'acts or omissions of investigative or law enforcement officers' – that is, 'any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law' – can be pursued by Khan." Order (DE# 73, 7/7/14) (quoting 28 U.S.C. § 2680(h); see also Trupei v. United States, 304 F. App'x 776, 784 (11th Cir. 2008) (citations omitted)).

The plaintiff seeks discovery of material in the possession of the U.S. Attorney's Office for the Southern District of Florida ("USAO") and the Counterterrorism Section of the Department of Justice ("DOJ"). The Government asserts that the requested discovery is protected from disclosure by the attorney work product privilege.[2] The Second Amended Privilege Log reveals three categories of documents: legal memoranda, e-mails to and from Government attorneys, and documentation regarding translators.[3]

The Government proposed a two-stage review for the Court to determine whether the requested documents are discoverable: 1) determine whether the material is relevant to the plaintiff's malicious prosecution claim or the government's defenses thereto; and 2) if relevant, determine whether the material is privileged as attorney work product or by the law enforcement privilege. If the material is relevant and not privileged under the work product doctrine or the law enforcement privilege, then the

---

[2] The undersigned addressed the law enforcement privilege by separate Order and the Government has not formally asserted the deliberative process privilege because it asserts that the discovery issues may be resolved by analyzing the issues under relevance, the work product doctrine and the law enforcement privilege.

[3] The e-mails between attorneys and the documents regarding translators were not provided in the tabbed documents submitted under seal and were not reviewed by the undersigned.

Government would perfect its assertion of the deliberative process privilege at stage two of the process, because the deliberative process privilege is more complicated and requires the involvement of high ranking agency officials.

The undersigned adopts the Government's suggested process of review, which will begin with a determination of relevance to the malicious prosecution claim or defenses thereto. If the undersigned finds the requested material relevant, he will next determine whether the material is privileged as work product. Only if the material sought is relevant and not privileged under the work product doctrine should the Court require the Government to perfect its deliberative process privilege and the state secrets privilege.

## LEGAL ANALYSIS

### I. Relevance

Rule 26 mandates that discovery requests be "relevant to a[ ] party's claim." Fed. R. Civ. P. 26(b)(1). The Court should first consider whether the discovery request is relevant to the plaintiff's claim before considering any claims of privilege. See Freeman v. Seligson, 405 F.2d 1326, 1338 (D.C. Cir. 1968) (finding that "matters of privilege can appropriately be deferred for definitive ruling until after the production demand has been adequately bolstered by a general showing of relevance and good cause.").

The Government maintains that the information sought by the plaintiff in discovery is relevant only insofar as it supports the allegation that the Court found sufficient to state a claim, that is, that the Government made "a misstatement of

5

evidence" during its presentation to the grand jury.  See Defendant's Memorandum in Response to the Court's November 25 Order Regarding the Review of Classified Information (DE 131) at 11 (DE# 134, 1/7/15)(quoting Order at 7 (DE# 73, 7/7/14) (citing Complaint ¶ 14)).

The Government argues that the prosecutors' intent cannot be at issue because the intentional-tort exception to the FTCA bars claims based on the conduct of the prosecutors.  See Trupei v. United States, 304 F. App'x 776, 783-84 (11th Cir. 2008). The undersigned agrees. The government retains sovereign immunity under the FTCA for the conduct of the USAO and the DOJ because prosecutors do not qualify as "investigative or law enforcement officer[s]" within the meaning of 28 U.S.C. § 2680(h). Id. at 784 (citing the FTCA and Moore v. United States, 213 F.3d 705, 713 n. 7 (D.C. Cir. 2000) (holding that "none of [the prosecutor's] conduct can be the basis for a malicious prosecution claim against the government because he is not an investigative or law enforcement officer")).

In Trupei, the Eleventh Circuit affirmed the district court's dismissal of the claims against federal prosecutors under the FTCA, including malicious prosecution and false testimony to a grand jury, because the FTCA exempts the government from liability for acts of prosecutorial discretion. Trupei, 304 F. App'x at 783-84.  In the July 7, 2014 Order in this action, this Court ruled that "[a]lthough the Amended Complaint does not identify the USAO or prosecutors as defendants, to the extent the claims are based on the conduct of prosecutors, they are barred by the FTCA, specifically 28 U.S.C. section 2680(h)." Order at 5 (DE# 73, 7/7/14) (citing Trupei, 304 F. App'x at 783-84 (citations omitted)).  This Court explained that because this is an FTCA action, "only allegations

6

involving 'acts or omissions of investigative or law enforcement officers' – that is, 'any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law' – can be pursued by Khan." Id. (citing 28 U.S.C. § 2680(h)).  The prosecutors' opinions as to why the case should be prosecuted or dismissed fall within discretionary functions that are immune from suit under the FTCA and thus, are not relevant to the plaintiff's claim that the FBI's conduct was wrongful.  Because the prosecutors' opinions are not relevant, the prosecutors' opinions and mental impressions are not discoverable.  Thus, the plaintiff is not entitled to the opinion work product of the USAO and the DOJ.

## II. Attorney Work Product Privilege

The plaintiff seeks discovery regarding the Government's initial decision to prosecute him and its subsequent decision to voluntarily dismiss the charges against him. The plaintiff propounded an interrogatory requesting that the Government "identify, with specificity, the reason(s) for the Government's termination of its Prosecution against the plaintiff," and served requests for production covering memoranda regarding the plaintiff's prosecution and the dismissal of charges. The Government maintains that it has produced all of the relevant evidence that it had at the time of the plaintiff's indictment, and the evidence that was available to it at the time of its decision to seek dismissal of the charges against the plaintiff.  The Government objects to producing the work product of attorneys within the USAO and the DOJ.

The plaintiff argues: 1) that the attorney work product privilege does not apply to a subsequent malicious prosecution action; 2) the at-issue waiver to the work product doctrine applies; 3) the plaintiff can only demonstrate the Government's malice, which

7

is an element to the malicious prosecution claim, by obtaining discovery in the hands of the Government and its attorneys; and 4) this Court previously rejected the Government's position that the criminal matter is not terminated as to the plaintiff due to Hafiz Khan's (the plaintiff's father and co-defendant) pending appeal of his conviction.

Rule 26(b)(3)(A) of the Federal Rules of Civil Procedure incorporates the work product doctrine discussed in the Supreme Court's seminal decision in <u>Hickman v. Taylor</u>, 329 U.S. 495 (1947).  Rule 26(b)(3) provides in pertinent part:

> (A) *Documents and Tangible Things*.  Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).  But subject to Rule 26(b)(4), those material may be discovered if:
>
>> (i) they are otherwise discoverable under Rule 26(b)(1); and
>>
>> (ii) the party shows that is has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
>
> (B) *Protection Against Disclosure.*  If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

Fed. R. Civ. P. 26(b)(3)(A)-(B).

"Rule 26(b)(3) provides that, even if the party seeking discovery of information otherwise protected by the work product doctrine has made the requisite showing of need and undue hardship, courts must still protect against the disclosure of mental impressions, conclusions, opinions, or legal theories of an attorney or his agents." <u>In re Cendant Corp. Sec. Litig.</u>, 343 F.3d 658 (3d Cir. 2003)(citing Fed. R. Civ. P. 26(b)(3)). "Stated differently, Rule 26(b)(3) establishes two tiers of protection: first, work prepared

in anticipation of litigation by an attorney or his agent is discoverable only upon a showing of need and hardship; second 'core' or 'opinion' work product that encompasses the 'mental impressions, conclusions, opinion, legal theories of an attorney or other representative of a party concerning the litigation' is 'generally afforded near absolute protection from discovery.'" Id. (citing Fed. R. Civ. P. 26(b)(3) and In re Ford Motor Co., 110 F.3d 954, 962 n.7 (3d Cir. 1997)).

In the Eleventh Circuit, "'opinion work product 'enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances.'" Cox v. Adm'r U.S. Steel & Carnegie, 17 F.3d 1386, 1422 (11th Cir. 1994)(quoting In re Murphy, 560 F.2d 326, 336 (8th Cir. 1977)).  "The subject-matter waiver doctrine provides that a party who injects into the case an issue that in fairness requires an examination of communications otherwise protected by the attorney-client privilege loses that privilege."  Id. (citing GAB Bus. Servs., Inc. v. Syndicate 627, 809 F.2d 755, 762 (11th Cir. 1987)).  "[T]he plain language of Fed.R.Civ.P. 26(b)(3) suggests that opinion work product should not be subject to such an implied waiver, and that the rationale behind the doctrine (the fear that a party might 'make affirmative testimonial use' of a communication and then seek to shield it from disclosure) does not apply to mental impressions and legal theories."  Id. (citing In re Martin Marietta Corp., 856 F.2d 619, 625-26 (4th Cir. 1988), cert. denied, 490 U.S. 1011 (1989)(quoting Duplan Corp. v. Deering Milliken, Inc., 540 F.2d 1215, 1223 (4th Cir. 1976)).  In Cox, the Eleventh Circuit agreed and the appellate court affirmed the district court's denial of a motion to compel documents that were privileged as opinion work product.

**III.     Opinion Work Product Doctrine Applies in Malicious Prosecution**

The plaintiff argues that the work product privilege does not apply in subsequent malicious prosecution lawsuits for the underlying criminal investigation.  See Plaintiff's Memorandum at 8-9 (DE# 149, 3/17/15) (citing Ostrowski v. Holem, No. 02C50281, 2002 WL 31956039, at *3-4 (N.D. Ill. Jan. 21, 2002) and Doubleday v. Ruh, 149 F.R.D. 601, 606 (E.D. Cal. 1993), among others).  The Government distinguishes the plaintiff's cases.  The Government distinguishes Ostrowski on the following grounds that: 1) unlike Ostrowski, the Government is a party to the underlying criminal action and the subsequent civil malicious prosecution action; 2) the Ostrowski decision provided no rationale to preclude application of the work product doctrine to a prosecutor's file in a subsequent malicious prosecution action; 3) unlike Ostrowski, the criminal case of the plaintiff's co-defendant and father, Hafiz Khan, remains pending on the appeal of his conviction; and 4) the Ostrowski decision does not reveal whether opinion work product or fact work product was at issue.  The Government is concerned that the disclosure of the subject memoranda will reveal the mental impressions, conclusions, opinions, and legal theories of the Government's attorneys regarding, among other things, the ongoing case against the plaintiff's father and co-defendant, Hafiz Khan.

The Government distinguishes Doubleday on the ground that the prosecutors' mental impressions were at issue because the plaintiff alleged that the defendant law enforcement officers had coerced and misinformed the prosecutors in order to manipulate them into prosecuting her.  In Doubleday, the district court found that "to the extent that the district attorneys' mental processes reflect those of the officers" or "reveal unease, irritation, or the like with respect to the pressures, if any brought to bear

10

against them by the individual defendants, these notes constitute the heart of the plaintiff's case." Doubleday,149 F.R.D. at 608.

Unlike Doubleday, which is not binding on this Court and is factually distinguishable, the plaintiff in the present case has made no claim that the FBI Special Agents involved with this case coerced or misinformed the prosecutors in order to induce the plaintiff's prosecution.  The Government argues further that even if such a claim existed in the present action, an *in camera* review of the memoranda at issue would reveal that no evidence of such coercion by the FBI Special Agents is present in the documents.  The Government maintains that the mental impressions, conclusions, opinions and legal theories evident in the USAO and DOJ memoranda now at issue are not relevant to the plaintiff's case.   Having conducted an *in camera* review of the subject documents in the prosecutors' files, the undersigned agrees that the subject documents are not relevant to the issues regarding the alleged wrongful conduct of the Government.

The attorney work product privilege applies in malicious prosecution cases. "If a district attorney's notes and testimony regarding his charging decisions and his trial strategy could be subpoenaed at will in subsequent litigation – particularly a malicious prosecution suit brought by a former defendant – the government's ability to prepare its case might be seriously impaired."  Starkey v. Birritteri, No. 12-10988-RWZ, 2013 WL 3984599, *1 (D. Mass. Aug. 2, 2013).  In Starkey, the plaintiff sued a police officer for malicious prosecution.  The district court noted that the malicious prosecution claim depends on what the police did to encourage the prosecution.  "Birritteri's actions, not the prosecutors' thoughts, are the heart of the case." Id. at *2.  The court explained that

"even if Starkey had shown a substantial need to discover what the prosecutors thought, that need would still be outweighed by the public interest. 'The decision whether to prosecute is the product of a deliberative process which should be afforded a high degree of protection from public inquiry.'" Id. (quoting Gomez v. City of Nashua, New Hampshire, 126 F.R.D. 432, 435 (D. N.H. 1989)). "Considering both the deliberative process privilege and the policies behind the work product privilege, [the district court] found that the subpoena must be modified to exclude documents and testimony reflecting the [District Attorney's Office's] thoughts or opinions about Starkey's prosecution, and to exclude materials created by the [District Attorney's Office] in preparation for that case." Id. (citing Fed. R. Civ. P. 45(c)(3)(A)(iii)-(iv)). Similarly, in the present case, the work product privilege protects the thoughts and opinions of the attorneys in the USAO and DOJ regarding the plaintiff's prosecution.

The plaintiff relies upon Tri-State Hosp. Supply Corp. v. U.S., No. CIV.A. 00-1463HHKJMF, 2005 WL 3447890, at *6 (D. D.C. Dec. 16, 2005)(citing Sec. and Exch. Comm'n v. Nat'l Student Mktg. Corp., No. 255-12, 1974 WL 415, at *3-4 (D. D.C. June 25, 1974)), which held that "many DOJ documents provide detailed information about the factual and legal basis for the civil penalty notice and the collection action against Tri-State. Although these documents are in large part opinion work product, such opinion work product may be discoverable when it goes to the heart of the issues in litigation." The Tri-State Hosp. Supply court ordered production of both ordinary and opinion work product of the DOJ. The district court did not require disclosure of opinion work product that did not provide any insight into the government's motivation or intent in taking action against Tri-State. The undersigned disagrees with the portion of Tri-

12

State Hosp. Supply that ordered production of the DOJ's opinion work product, but agrees with the portion that found that the plaintiff's need did not overcome the opinion work product protection of certain documents.

IV.     **At-Issue Waiver**

The plaintiff's reliance on Maplewood Partners, L.P. v. Indian Harbor Ins. Co., No. 08-23343, 2011 WL 3918597 (S.D. Fla. Sept. 6, 2011) (unpublished), which cites Cox, is unavailing to support his position that the at-issue waiver doctrine applies based on the Government's Amended Answer and Affirmative Defenses.  (DE# 87, 8/6/14).  In its memorandum, the plaintiff argues that the "defendant's intent is at issue" because the defendant "filed affirmative defenses arguing that they [sic] prosecuted Mr. Khan in good faith."  Pl.'s Memo. at 10 (DE# 149, 3/17/15).  In its amended answer, the Government "denies that it prosecuted plaintiff without probable cause or with malice. The government denies that it intentionally or recklessly disregarded the truth in the course of Plaintiff's prosecution...." Amended Answer and Affirmative Defenses ¶¶ 49-50 (DE# 87, 8/6/14).  Four of the Government's six affirmative defenses assert that probable cause existed for various reasons.  Id. Affirmative Defenses 1-4 (DE# 87, 8/6/14).

Maplewood Partners is factually distinguishable and not binding on this Court. Maplewood Partners did not involve a malicious prosecution claim and did not seek discovery of the opinion work product of prosecutors and other lawyers involved in the representation of the Government in an underlying federal criminal matter. As the FTCA states and this Court previously ruled, "to the extent the claims are based on the

13

conduct of prosecutors, they are barred by the FTCA, specifically 28 U.S.C. section 2680(h)." Order at 5 (DE# 73, 7/7/14) (citing Trupei, 304 F. App'x at 783-84 (citations omitted)). This Court explained that because this is an FTCA action, "only allegations involving 'acts or omissions of investigative or law enforcement officers' – that is, 'any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law' – can be pursued by Khan." Id. (citing 28 U.S.C. § 2680(h)). The intent of USAO and DOJ attorneys is not at issue.

The Government argues that in light of its revised answer to the plaintiff's interrogatory seeking the reason for the dismissal of the charges against him, and its previous identification of the evidence on which its earlier decision to prosecute the plaintiff was based, the plaintiff has no need for the USAO and DOJ memoranda regarding the decisions to prosecute and dismiss the charges. The Government maintains that it has identified the facts underlying the decisions for the plaintiff. Because the memoranda at issue contain opinion work product, the USAO and DOJ memoranda are privileged and should not be disclosed.

**V.    Co-Defendant's Appeal of Conviction Remains Pending**

In FTC v. Grolier, 462 U.S. 19, 28 (1983), the Supreme Court held that "attorney work-product is exempt from mandatory disclosure [under FOIA] without regard to the status of the litigation for which it was prepared." The Supreme Court explained that "[a]t the time this case came to the Court of Appeals, all of the courts of appeals that had decided the issue under Rule 26(b)(3) had determined that work-product materials retained their immunity from discovery after termination of the litigation for which the documents were prepared, without regard to whether other related litigation is pending

14

or is contemplated." Id. at 26 (footnote omitted); see Mitsui Sumitomo Ins. v. Carbell, L.L.C., No. 09-21208-CIV-JG, 2011 WL 2682958, at *2 (S.D. Fla. July 11, 2011)(explaining that "it is widely recognized that the 'work product doctrine would be attenuated if it were limited to documents that were prepared [only] in the [very] case for which discovery is sought.'") (quoting In re Murphy, 560 F.2d 326, 334 (8th Cir. 1977)). In Grolier, the Supreme Court noted that the "[Second Circuit] Court of Appeals held that documents prepared in connection with litigation that was on appeal were not subject to discovery in a related case." Id. at 24 (citing Republic Gear Co. v. Borg-Warner, 381 F.2d 551, 557 (2d Cir. 1967)).

Similarly, in the present action, although the Government dismissed the indictment against the plaintiff, the plaintiff's father and co-defendant, Hafiz Khan, is currently appealing his conviction for providing material support to terrorists to the United States Court of Appeals for the Eleventh Circuit. The Eleventh Circuit has not ruled on the appeal. The litigation from which the plaintiff seeks counsel for the Government's work product is not yet final. Deference to the protection of opinion work product in this case should be even greater in light of the pending appeal of the plaintiff's father and co-defendant.

## **CONCLUSION**

In the present case, the intent of the prosecutors whose memoranda the plaintiff seeks are irrelevant to the plaintiff's cause of action for malicious prosecution. Under the FTCA, the only individuals whose conduct and intent may establish liability for malicious prosecution are "law enforcement officers" as defined by the FTCA. See, 28 U.S.C. § 2680(h). The prosecutors' memoranda regarding the initiation of the plaintiff's

15

prosecution or the decision to dismiss it do not shed any light on the intent of the law enforcement officers involved with the plaintiff's case, that is, the FBI Special Agents who conducted the criminal investigation. Accordingly, it is

ORDERED AND ADJUDGED that the Government has established that the opinion work product doctrine applies and protects the prosecutors' memoranda from disclosure.

DONE AND ORDERED in Chambers, at Miami, Florida, this 8th day of July, 2015.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. District Court Judge Altonaga
All counsel of record